# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Rebecca A. Harper**
**Claimant Below, Petitioner**

**v.)**     **No. 25-733**     (JCN: 2024026299)
(ICA No. 25-ICA-101)

**City of Elkins**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rebecca A. Harper appeals the August 29, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Harper v. City of Elkins*, No. 25-ICA-101, 2025 WL 2491094 (W. Va. Ct. App. Aug. 29, 2025) (memorandum decision). The respondent, the City of Elkins, filed a timely response.[1] The issue on appeal is whether the Board of Review erred in affirming the claim administrator's August 28, 2024, order rejecting the claim based on a finding that Ms. Harper did not sustain an injury in the course of and resulting from her employment.

On appeal, the claimant argues that the February 10, 2025, order of the Board of Review was clearly wrong, and that the ICA failed to correct the erroneous order which affirmed the claim administrator's rejection of the claim. The claimant contends that the Board of Review misapplied this Court's holding in *Hood v. Lindcare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023).[2] The claimant contends this Court's decision in *Hood* weighs in her favor because the sole reason she was descending the stairwell was in furtherance of her duties of employment, which places her at a higher quantitative risk. Therefore, the claimant argues that she sustained an acute right medial meniscus posterior root tear in the course of and resulting from her employment on August 15, 2024, which was wrongfully found to be noncompensable by the claim administrator and Board of Review. The employer counters by arguing that the claimant faced no increased risk of injury

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent is represented by counsel James W. Heslep.

[2] In *Hood*, this Court provided additional guidance regarding the evaluation of alleged workers' compensation injuries and stated that the factfinder may use the increased-risk test to decide whether an employee has sustained a compensable injury under West Virginia Code § 23-4-1(a), in cases where the injury occurred while the employee was engaged in a neutral risk activity. Under the increased-risk test, even if the risk faced by the employee is not qualitatively peculiar to the employment, the injury may be compensable if he or she faced an increased quantity of a risk.

from her employment and maintains that the event could have occurred at any location or at any time. As such, the employer asserts that the injury was not peculiar to the claimant's employment, and the petition for appeal should be denied.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: March 24, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III